LINEBAUGH *v.* TOWNES.

1. CONTRACTS—PARTIAL PERFORMANCE—DAMAGES.

Award to defendant homeowners of damages equal to 10% of
building contract price plus cost of correcting unworkmanlike
parts of work, on defendant's counterclaim in action by plain-
tiff builder for balance of contract price, where testimony
was that building was 90% completed, would have the effect
of allowing double damages to defendants only if the 10%
credit for the part of contract uncompleted was already in-
cluded in the credit given for improperly performed work.

2. APPEAL AND ERROR—FINDINGS OF FACT.

Judgment of trial court on counterclaim of defendants in ac-
tion by plaintiff builder against defendant homeowners is
affirmed, where specific findings of fact made by trial judge
are not questioned by plaintiff and a review of the record,
including the findings of fact, does not persuade Court of
Appeals that the trial court was clearly in error (GCR 1963,
517.1).

Appeal from Washtenaw; Breakey (James R.,
Jr.), J.   Submitted Division 2 June 8, 1967, at
Lansing.   (Docket No. 493.)   Decided December 7,
1967.

Declaration by Paul E. Linebaugh against Henry
K. Townes, Jr., and Marjorie C. Townes for balance
due on a home building contract.   Defendants

REFERENCES FOR POINTS IN HEADNOTES
[1]  13 Am Jur 2d, Building and Construction Contracts §§ 44–46,
[2]  5 Am Jur 2d, Appeal and Error § 839 *et seq.*

counterclaimed. Judgment for defendants. Plaintiff appeals. Affirmed.

*Crippen & Dever,* for plaintiff.

*John W. Rae,* for defendants.

J. H. Gillis, J. Plaintiff-builder sued defendants-owners for the balance allegedly due on a home building contract. The defendants counterclaimed on the grounds that the contract was not completed and, additionally, that a portion of the completed work was not performed in a workmanlike manner, which required the defendants to have corrections made. A nonjury trial resulted in judgment for the defendants. Following a motion filed by the plaintiff to amend the judgment or grant a new trial, the defendants stipulated as to certain credits and the court denied the plaintiff's motion but allowed the stipulated credits, leaving a balance due defendants of $1,275.07 plus costs. Plaintiff appeals.

The sole issue raised on appeal is whether the defendants are entitled to a credit against the construction contract of an amount equal to 10% of the total contract.[*] This issue arises from plaintiff's claim that the court erred in crediting defendants with 10% of the contract price after having allowed the defendants credit for items of work not performed in a workmanlike manner. Plaintiff contends that in effect the trial judge allowed the defendants double damages. This claim can be established only by demonstrating that the 10% credit given for the portion of the contract not completed already had been accounted for in the credit given for items of improperly performed work.

---

[*] At trial the county building inspector testified that the building, according to the plans and specifications, was approximately 90% completed by the plaintiff.

The trial judge made specific findings of fact not questioned by plaintiff. A review of the record, including the findings made by the trial court, does not persuade us that the court was clearly in error. GCR 1963, 517.1.

Affirmed. Costs to appellees.

LESINSKI, C. J., and QUINN, J., concurred.